## WALKER v. KAYE.

### (Supreme Court, Appellate Term. April 17, 1912.)

1. SET-OFF AND COUNTERCLAIM (§ 56*)—ADMISSIONS OF COMPLAINT.

A complaint alleged that defendant delivered chattels to plaintiff, a licensed auctioneer, to be sold at public auction, and that plaintiff at the same time paid to defendant $900 as an advance payment, under an

agreement that all moneys over $925 realized from the sale should be equally divided, but that the chattels did not belong to defendant, but were stolen property, and that they were subsequently recovered by the true owner, and plaintiff sued to recover the $900 advanced. The answer alleged that O. had originally pledged the chattels to plaintiff for $900, under an agreement to pay $254 for the loan, and defendant afterwards paid plaintiff $1,154, and obtained a transfer of the pledge, and that the chattels were afterwards transferred to plaintiff upon the advance of $900 and the agreement to divide the amount realized, as alleged in the complaint; that the chattels were not owned by O., but by another, from whom they had been stolen, and that O. had no authority to pledge them; and that defendant repudiated the assignment to him by plaintiff, and offered to retransfer the debt and claim, and demanded judgment for $254. *Held,* that the answer admitted the cause of action alleged in the complaint.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 127; Dec. Dig. § 56.*]

2. AUCTIONS AND AUCTIONEERS (§ 6*)—ADVANCES—BURDEN OF PROOF.
   The burden was upon defendant to establish his counterclaim by a preponderance of the evidence.

[Ed. Note.—For other cases, see Auctions and Auctioneers, Cent. Dig. §§ 16–19; Dec. Dig. § 6.*]

Appeal from City Court of New York, Special Term.

Action by Frank Walker against Charles Kaye. From an order setting aside a verdict for plaintiff, and granting a new trial, plaintiff appeals. Reversed, and verdict reinstated.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

Philip Cohen, of New York City, for appellant.

House, Grossman & Vorhaus, of New York City (Louis J. Vorhaus and Charles Goldzier, of counsel), for respondent.

SEABURY, J. [1] The order appealed from set aside a verdict of the jury rendered in favor of the plaintiff, and granted a new trial, upon the ground that the verdict is contrary to the evidence and against the weight of evidence. The learned court below handed down an opinion reciting that the "verdict was undoubtedly based on sympathy, and must therefore be set aside, and a new trial ordered." A review of the record fails to disclose any support for either view expressed by the learned court below. It is alleged in the complaint, and admitted in the answer, that the defendant delivered certain chattels to the plaintiff, who was a duly licensed auctioneer, and directed the plaintiff to sell the same for him at public auction, and at the same time the plaintiff paid to the defendant $900 as an advance payment of the amount to be realized from said sale. The chattels were delivered and the money paid upon an agreement that all moneys over $925 realized on said sale should be divided equally between the parties. It is also alleged and admitted that the chattels were not the property of the defendant, but were stolen property, and were subsequently recovered by the true owner. The plaintiff sued to recover the $900, which he advanced to the defendant.

The answer denied the warranty, or that the plaintiff relied upon it, and alleged that one Osinsky had pledged the chattels to the plain-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tiff for $900, upon an agreement to pay $254 for the loan thereof, and that thereafter the defendant had paid the plaintiff $1,154 and had obtained from him a transfer of the pledge, and that thereafter the chattels thus pledged had been transferred to the plaintiff upon the advance of $900 and the agreement to divide the sum realized over and above $925 between the parties. The answer also alleged that Osinsky never owned said chattels, but said chattels were owned by another, from whom they had been stolen, and that said Osinsky had no authority to pledge said chattels, and that the plaintiff did not at any time have any property in or lien upon said chattels, and that the defendant repudiated the assignment to him by the plaintiff, and duly offered to reassign and transfer to the plaintiff said debt and claim thereon. The answer then demands judgment for $254.

[2] In this state of the pleadings, we think that the plaintiff's cause of action was admitted, and that the burden was upon the defendant to establish his "defense and counterclaim" by a preponderance of evidence. Viewing the record in the most favorable aspect to the respondent, the testimony presented but an issue of fact, which the jury have determined adversely to him. The case was submitted to the jury in a charge more favorable to the respondent than he was entitled to, and no exception was taken to it. The record fails to sustain the reasons recited by the lower court as a basis for setting aside the verdict and granting a new trial.

Order reversed, and verdict reinstated, with costs to the appellant. All concur.